IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF, | §<br>§<br>§ | |
| V. | § | CASE NO. 3:25-CV-86-S |
| | § | |
| $16,250.00 IN U.S. CURRENCY,<br>DEFENDANT IN REM. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The United States of America's *Motion to Strike Craig Johnson's Claim and to Enter Default*, Doc. 10, has been referred to the undersigned United States magistrate judge for findings and a recommended disposition. Doc. 11. Upon review, the motion should be **GRANTED**.

## I. BACKGROUND

By its verified complaint filed January 13, 2025, Doc. 1, the Government seeks forfeiture under 21 U.S.C. § 881(a)(6) of $16,250 in United States currency seized from Craig Johnson at the Dallas-Fort Worth International Airport. The Government alleges that the seized currency is subject to forfeiture because it constitutes (i) money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange, or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act. Doc. 1 at 1-2.

In its Verified Complaint for Forfeiture *in Rem*, the Government asserts the following facts:

On August 22, 2024, officers of the Drug Enforcement Agency's ("DEA") DFW Interdiction Group, while conducting operations on American Airlines flight 2078 from Dallas to Sacramento, observed a large black duffel bag with a name tag listing the name "Craig Johnson" being loaded onto the plane. Doc. 1 at 2-4. The luggage smelled strongly of marijuana and appeared to have marijuana stuck on the outside of the bag. Doc. 1 at 3-4. Officers subsequently spotted a second bag with Craig Johnson's name on it, which also smelled strongly of marijuana. Doc. 1 at 4. Johnson was asked to exit the plane and was questioned. He denied that any illegal activity was afoot and subsequently gave the officers consent to check his bags. Doc. 1 at 5. During the search, officers found U.S. currency in his carry-on bag and in one of his checked bags. Doc. 1 at 5-7. Officers then swabbed the cash with Mistral D4D, which showed the money was positive for the presence of cannabis. Doc. 1 at 9. The Defendant Property was seized as drug proceeds, but Johnson was not arrested. Doc. 1 at 9.

On February 7, 2025, the Government provided notice to Johnson of the instant action as required by Federal Rule of Civil Procedure Section XIII Supplemental Rule G, informing Johnson of his duty to file a verified claim and a separate answer to the Government's verified complaint. Doc. 10 at 8-14. On March 3, 2025, Johnson, represented by counsel, filed a verified claim for the seized currency. Doc. 9. However, Johnson failed to file an answer to the Government's verified complaint, Doc. 1. No other person has filed a verified claim and/or answer.

By the motion *sub judice*, the Government moves to strike Johnson's verified claim for lack of statutory standing because Johnson failed to file an answer as required by FED. R. CIV. P. § XIII SUPP. R. G(5)(b). Doc. 10. The Government also requests the Clerk's entry of default

under Federal Rule of Civil Procedure 55(a).  Doc. 10 at 6.  Johnson also has not filed a response to the Government's motion to strike and enter default, and the time to do so has long passed.

## II. APPLICABLE LAW

Property shall be subject to forfeiture to the United States and no property right shall exist in it when that property consists of proceeds traceable to any money, negotiable instrument, security or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Title 21.  21 U.S.C. § 881(a)(6).  *See also* 18 U.S.C. § 981(a)(1)(C) (providing, *inter alia*, that proceeds of illegal drug trafficking are forfeitable).  The United States bears the burden of proving by a preponderance of the evidence that a substantial connection exists between the property to be forfeited and the criminal activity defined by federal statute.  18 U.S.C. § 983(c)(1) & (3).

*In rem* civil forfeiture actions are governed by the provisions of 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  As applicable here, both provide that a person may assert an interest in the defendant property and contest forfeiture of the same by following a two-step process after the Government files its verified complaint.   First, the claimant must file a verified claim in the court where the action is pending, and second, the claimant must file a separate answer or Rule 12 motion within 20 days of filing their verified claim.  FED. R. CIV. P. § XIII Supp. R. G(5)(a)-(b)-(b); 18 U.S.C. § 983(a)(4)(A)-(B).

At any time before trial, the Government may move to strike a claim or answer for failing to comply with the requirements of Rule G(5) or (6), or because the claimant lacks standing.  FED. R. CIV. P. § XIII SUPP. R. G(8)(c).  Failure to comply with the procedural requirements

leaves a claimant without standing to challenge the forfeiture. *United States v. $15,701.97 U.S. Currency*, No. 09-34-37, 2010 WL 3418246, at *1 (E.D. La. Aug. 23, 2010).

Nonetheless, some courts have exercised discretion in certain circumstances to depart from the strict construction requirements of Rule G and excuse a claimant's procedural default. *See, e.g., $15,701.97 U.S. Currency*, 2010 WL 3418246, at *2 (where claimant filed claim but not answer, district court considered its discretion to set aside subsequently entered default judgment under Federal Procedure Rule 55(c) for good cause); *United States v. $48,880, more or less, in U.S. Currency*, No. 6:15-CV-364-RP, 2017 WL 1493705, at *3 (W.D. Tex. April 26, 2017) (Pitman, J.) (applying Federal Procedure Rule 15 in determining whether to extend the deadline under Rule G to permit claimant, who had filed only an answer, to file a claim that complied with the requirements of Rule G).

Notably, in each of the foregoing cases, the claimant diligently prosecuted their claim. However, that is not the case here.

## III. ANALYSIS

Johnson has not filed a separate answer to the Government's complaint as required under Rule G(5)(b), and his deadline to do so has long expired. Johnson's claim, Doc. 9, is the only submission by Johnson to date, and he has not made any attempt to otherwise set forth circumstances warranting relaxation of the strict application of the Supplemental Rules. *See United States v. 2006 Chevrolet Corvette*, No. CIV. A. 12-2492, 2013 WL 3832690, at *2 (E.D. La. July 23, 2013) ("The Court may excuse a claimant's procedural default in the 'appropriate circumstances;" however, the failure "to identify any special or extenuating circumstances that warrant relaxation of the Supplemental Rules" leaves no reason to stray from the standing requirements of Rule G) (quoting *$15,701.97*, 2010 WL 3428246, at *2). Indeed, since Johnson

filed his verified claim on March 5, 2025, the docket reflects no further activity by Johnson, including during the interim period since the Government filed the instant motion to strike his claim on June 24, 2025, and the date of this report and recommendation.  This is highly suggestive of Johnson's complete abandonment of his claim.

Because Johnson has failed to comply with Supplemental Rule G(5), he lacks statutory standing to contest this civil forfeiture proceeding.  Thus, striking Johnson's claim is warranted not only for his failure to comply with the requirements of Rule G(5), but also for his failure to prosecute his claim, as authorized by Federal Rule of Civil Procedure 41(b).  *See Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998); *cert. denied*, 535 U.S. 938 (2002); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988); *cf. Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974) (observing that under Rule 41(b), when a party has failed to prosecute an action with reasonable diligence, a court may dismiss it on motion of the opposing party or on its own motion).

## IV. CONCLUSION

For the foregoing reasons, the United States of America's *Motion to Strike Craig Johnson's Claim and to Enter Default*, Doc. 10, should be **GRANTED**.  Accordingly, Craig Johnson's claim to the Defendant currency should be **STRICKEN** from the docket.  And as no answer has been filed in this case, the Clerk of the Court should be directed to enter a default against Defendant *in Rem*.

**SO RECOMMENDED** on February 28, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).